**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| KIMBERLY HAYES,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO. AND NEIS ACQUISITIONS 5192, LLC,<br><br>Defendants. | Civil Action File No.<br><br>5:26-cv-00068-CAR |

## PROTECTIVE ORDER

**THE COURT ALERTS THE PARTIES THAT IT HAS ADDED PARAGRAPH TWENTY-THREE TO AND REVISED PARAGRAPH TEN AND DELETED PARAGRAPHS FIFTEEN, SIXTEEN, AND SEVENTEEN OF THE PROTECTIVE ORDER SUBMITTED TO THE COURT.**

The Parties agreed to the terms of a proposed Protective Order. After considering its terms, the Court revised paragraph 10 and deleted paragraphs 15, 16, and 17 of the proposed order, and the Court added paragraph 23. For good cause shown, the Court **GRANTS** the Parties' Consent Motion for Protective Order [Doc. 16].

**IT IS HEREBY ORDERED** that documents produced in discovery in this matter shall be protected as follows:

## I. PROCEEDINGS AND INFORMATION COVERED

1. As used herein, the word "document" means: (a) all papers, documents, designs, videotapes, audiotapes, printed, and/or written materials produced or furnished by, or obtained by Plaintiff and/or Defendant; (b) all copies, extracts, and complete or partial summaries prepared from such papers or documents; (c) portions of deposition transcripts and exhibits thereto which relate to any such papers, documents, copies, extracts, or summaries; (d) portions of briefs, memoranda, or any other writings filed with the Court, and exhibits thereto, which relate to any such papers, document copies, extracts, or summaries; but not (e) any materials which in the good faith judgment of counsel are work product materials.

2. As used herein, the phrase "confidential information" includes: (a) any information that has not been made public and the disclosure of which the disclosing party contends would cause harm to the disclosing party's business operations; (b) any oral, written, or recorded material which consists of, contains, is copied or extracted from, or is related to trade secrets or other confidential research and development information; (c) financial business, commercially sensitive, or other privileged information; (d) information that would otherwise constitute an unwarranted invasion of privacy; and (e) any data or information derived from the foregoing categories of confidential information, including any summaries, compilations, quotes, or paraphrases thereof.

3. This Protective Order shall govern any testimony, document(s), information or other item(s) furnished by any person or entity (including third parties) that are considered by a party to be protected private or confidential information.

4. Any party or third party may protect information that it considers to be confidential information by designating such information as "Confidential" prior to or at the time of production or filing. Information may also be designated "Confidential" if inadvertently produced without such designation so long as the party informs the parties receiving such information in a reasonable time following the discovery of such inadvertent production. The "Confidential" designation shall be accomplished by placing the appropriate designation on every page of each document so designated. Where practical, if only a portion of the testimony, document, information, or item contains Confidential information, then only a portion of the testimony, document, information, or item shall be designated as such.

5. The party designating testimony, documents, information, or items as "Confidential" shall do so only with the good-faith belief that such testimony, document, information or item contains or constitutes private, proprietary, and/or confidential information.

6. Confidential information shall be protected notwithstanding the form or format of production. The parties recognize that it may not be possible to identify or

designate specific documents containing confidential information due to the production of original records or spontaneous testimony. In such circumstances the documents or testimony shall be appropriately designated as "Confidential" within a reasonable time.

## II. DISCLOSURE OF CONFIDENTIAL INFORMATION

7. All documents and information provided by either party which are designated as "Confidential" shall be treated as such by the parties to this litigation. Such confidential information and documents, and all copies, summaries, compilations, notes, or abstracts thereof shall be exclusively for use in this action and for no other purpose. Persons bound by this Protective Order further agree that the information contained in all confidential documents will remain confidential, and such persons shall not disclose the information to anyone else unless authorized by the terms of this Protective Order to do so.

8. Access to documents or information designated as "Confidential" shall be limited to the following "qualified persons" only:

(a) a party or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action and only under the conditions set forth herein;

(b) experts or consultants to any party (along with clerical or secretarial staff);

(c) counsel of record, including paralegals, clerks, legal assistants, and support personnel;

(d) court reporters employed in this action;

(e) the Court and court personnel;

(f) a witness at any deposition or other proceeding, including trial, in this action and/or counsel for such witness. Such a witness may have access to the information only if (i) the witness is testifying regarding a matter that is confidential and (ii) the witness agrees to keep the matter confidential; and

(g) any other person to whom the parties agree in writing prior to such disclosure

9. Qualified persons identified in paragraphs 8(a), 8(b), 8(c), 8(f), and 8(g) shall be afforded access to confidential information only if (a) there exists a good-faith basis for such person to be afforded access to confidential information, and (b) such person, before receiving any such material, signs a copy of the "Acknowledgement of Receipt of Protective Order and Agreement To Be Bound Thereby" ("Acknowledgment") attached as Exhibit "A" to this Protective Order, provided however that counsel of record's signature of the Acknowledgment shall bind all paralegals, clerks, legal assistants, and support personnel in his or her employee(s) to the provisions of this Protective Order. All

such Acknowledgments shall be retained by counsel of record for the parties and shall be provided to opposing counsel within 60 days of the conclusion of this case; provided, however a party shall immediately produce such statements to the other party upon written request should a dispute arise as to whether there exists a good-faith basis tor un individual to be afforded access to confidential information or as to whether an individual afforded such access is in compliance with this Order.

**III. CONTESTED DESIGNATION**

10. **REVISED BY THE COURT:** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. If the Parties cannot resolve a challenge without Court intervention, the Challenging Party must contact Beverly Lillie, Courtroom Deputy (478-752-3445) to request a telephone conference with the Court **BEFORE** filing a motion challenging a confidentiality designation. Each such motion must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**IV. DEPOSITION TESTIMONY**

11. Any portion of any deposition testimony in the present action and/or the deposition transcript as a whole may be designated as "Confidential" by making a statement to that effect on the record at the deposition or by notifying the other parties and the court reporter of such designation within fourteen days after first receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and

transcribing such proceeding to separately bind such portions of the transcript containing information designated as "Confidential" and to label such portions appropriately.

12. Whenever any documents, information, or other items designed as "Confidential" are to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any non-authorized person.

**V. SUBPOENAS**

13. In the event a party serves a subpoena or other process order on a third party to produce information that another party believes to be confidential information, the subpoenaing party shall be promptly notified in writing as to the claim. The subpoenaing party shall thereafter provide reasonable cooperation with respect to any procedure to protect the subpoenaed information as "Confidential Information." If the parties have not resolved their differences within ten (10) business days of the objecting party's receipt of the subpoena or other process order, the objecting party may submit a motion to the Court for a protective order or may submit a request to the Court or an expedited briefing schedule for such a motion. The filing of such a motion or request shall suspend disclosure of the subject matter objected to pursuant to the subpoena or process order until the Court shall have ruled upon any such motion, and then production shall be made only in accordance with the ruling so made. If such a motion or request is not made within twenty (20) business days of the expiration of the mandatory meet and

confer requirement set forth above, then the subject matter objected to pursuant to the subpoena or process order may be disclosed.

14. Each party shall take all reasonable steps necessary to have any third person or entity acknowledge and agree to be bound by the terms of this Protective Order. Each party reserves its right to seek appropriate relief from the Court if necessary to enforce full compliance with this Protective Order.

**VI. PROCEDURES**

15. **DELETED BY THE COURT**

16. **DELETED BY THE COURT**

17. **DELETED BY THE COURT**

**VII. NO ADMISSION OR WAIVER**

18. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and testimony of individuals without involving the Court unnecessarily in the process. Nothing (a) in this Protective Order, (b) resulting from production of any materials under the terms or this Protective Order, or (c) resulting from any proceeding pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any party, to have altered the confidentiality of any materials, or to have altered any existing obligation, or lack thereof, of any party. Nothing in this

Protective Order shall be deemed to impact in any way a party's right to object to any discovery requests on any grounds.

19. If confidential information is inadvertently produced without proper designation, the producing party may so advise the receiving party, who agrees to exert every reasonable effort to treat the document or information as though timely designated and retrieve it from persons to whom it has been disclosed.

**VIII. PARTIES' OWN INFORMATTON**

20. Nothing herein shall impose any restrictions on a party from disclosing its own confidential information as it deems appropriate. The restrictions on the use of confidential information established by this Protective Order are applicable only to the use of material received from another party.

**IX. DURATION**

21. Even after final disposition of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## X. FINAL DISPOSITION

22. Within sixty (60) days after the final disposition of this action, any party receiving confidential information must return all such material to the producing party or destroy such material. Whether the confidential material is returned or destroyed, the receiving party must submit a written certification to the producing party by the 60 day deadline that (1) identifies (by category, where appropriate) all the confidential material that was returned or destroyed and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the confidential material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, discovery requests and responses, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Any such archival copies that contain or constitute confidential material remain subject to this Protective Order.

## XI. ADDED BY THE COURT

23. The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public

disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial. If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The opposing party shall have 7 days to respond objecting to the public disclosure of the information, and the opposing party shall also file a motion to allow the materials to be filed under seal, which shall state a compelling reason in support of that motion. The Court will closely scrutinize any such requests at that time, with the presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials under seal just because they are covered by this discovery protective order.

**SO ORDERED,** this 13th day of November, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT